856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie L. DANIELS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3226.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1988.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Willie L. Daniels appeals the dismissal by the Merit Systems Protection Board (MSPB or board) of his appeal challenging, on grounds of alleged discrimination, his removal as a Heavy Mobile Equipment Mechanic Foreman at the United States Tank Automotive Command in Warren, Michigan, Docket No. CH04328210543 (Mar. 16, 1988). We dismiss for lack of jurisdiction. The petition is ordered transferred to the United States District Court for the Eastern District of Michigan.
 
 OPINION
 
 2
 The initial decision of the MSPB on Mr. Daniels' appeal of his removal by the Department of the Army (agency) was issued on July 29, 1983. Mr. Daniels petitioned the board for review and a final decision of the MSPB issued on January 31, 1984. He then sought review of the MSPB decision with the Equal Employment Opportunity Commission (EEOC) on February 14, 1984, and he ultimately received a decision in his favor, although not until May 26, 1987. Meanwhile, he also filed a civil action in district court, under Section 717 of Title VII, 42 U.S.C. Sec. 2000(e)-16(b) (1982), which was resolved against him. Daniels v. United States Department of the Army, Civil Action No. 84-1035 (E.D.Mich. Oct. 28, 1985) (Daniels I), appeal dismissed, Daniels v. United States Department of the Army, No. 86-1126 (6th Cir. Aug. 15, 1986), reh'g denied, (6th Cir. October 1986).[1] Now, he seeks review of the MSPB decision which issued after the EEOC had transferred the matter back to the board in accordance with 5 U.S.C. Sec. 7702(b)(5)(B) (1982).
 
 
 3
 Although the different tribunals confronted with Mr. Daniels' removal so far have reached nonuniform decisions on his claims, throughout Mr. Daniels' odyssey through the federal system, all have agreed, and Mr. Daniels has consistently maintained, that his challenge to his removal was based on allegations of racial discrimination and reprisal. This court is without jurisdiction to hear appeals from decisions of the MSPB involving claims of racial discrimination. Williams v. Department of the Army, 715 F.2d 1485, 1491 (Fed.Cir.1983). Therefore, we have no choice but to dismiss Mr. Daniels' appeal.
 
 
 4
 This court has the discretion to order an appeal involving such claims of discrimination which is incorrectly filed in this court to be transferred to the appropriate district court. Id.; see 28 U.S.C. Sec. 1631 (1982). However, such a transfer in this case would be to the United States District Court for the Eastern District of Michigan, the very court that has already disposed of Mr. Daniels' claims on the merits once before. In such a situation, a transfer "in the interest of justice" would ordinarily be unwarranted.
 
 
 5
 We note, however, that the 1985 decision by the Eastern District of Michigan would foreclose relitigation of the present action only if the district court had jurisdiction at the time that it issued its prior decision. After the initial decision of the MSPB in 1983 became final, Mr. Daniels could have validly elected only one avenue of review, the EEOC or the district court, and the second forum in which he sought review after his first valid election may have been without jurisdiction to hear his claims in light of his previous election to file in the other forum. Cf. National Neighbors, Inc. v. United States, 839 F.2d 1539, 1541-43 (Fed.Cir.1988) (discussing the "Election Doctrine" for appeals under the Contract Disputes Act, 41 U.S.C. Secs. 601-13 (1982), to either the Claims Court or the appropriate board of contract appeals, but not both). However, it is unclear which came first, Mr. Daniels' election to pursue his appeal in the EEOC or his election to file a civil suit in a district court.[2]
 
 
 6
 Since in any event this court lacks jurisdiction to hear the underlying merits of Mr. Daniels' case, we are unable to address such issues; we can only note their presence and the likely need to resolve such issues as influencing our decision that transfer is warranted after all. We believe that the United States District Court for the Eastern District of Michigan is the proper court to determine the jurisdictional ramifications of the multiple filings by Mr. Daniels and to decide the corresponding relevance and effect of its prior decision. Although we do not condone Mr. Daniels' indiscriminate filings and are troubled by a result which perpetuates them, occasionally a litigant gets an undeserved benefit as courts try to preserve the proper allocation of jurisdiction among the various tribunals in the federal system.
 
 
 7
 Therefore, the appeal is dismissed for lack of jurisdiction. We reluctantly grant petitioner's motion, filed by counsel after Mr. Daniels filed his appeal pro se to this court, to transfer the action to the United States District Court for the Eastern District of Michigan.
 
 
 
 [1]
 Mr. Daniels subsequently filed three additional actions against the Department of the Army and others in the United States District Court for the District of Columbia, which were dismissed without prejudice. Daniels v. Office of the Assistant Secretary of Defense, Nos. 87-0013, -0022, -0157 (D.D.C. Feb. 10, 1987), aff'd, Daniels v. Office of the Assistant Secretary of Defense, No. 87-5115 (D.C.Cir. Oct. 27, 1987) (87-0013); Daniels v. Department of the Army, No. 87-5089 (D.C.Cir. Nov. 3, 1987) (87-0022)
 
 
 [2]
 The records of the Clerk of the Eastern District of Michigan indicate March 6, 1984, as the date that his civil complaint was filed. In a motion filed with this court on July 29, 1988, counsel for Mr. Daniels asserted, albeit without substantiation or documentation, that this civil action had been originally filed on December 12, 1983, in the District Court for the District of Columbia, and then transferred without objection of the parties to the Eastern District of Michigan in early 1984